UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JIMMY SAINTIL,
    Petitioner,

    v.                                                        CIVIL ACTION NO. 15-11571-WGY

U.S. ATTORNEY GENERAL ERIC H. HOLDER, JR.
ET AL.,
    Respondents.


## MEMORANDUM AND ORDER

YOUNG, D.J.

On April 10, 2015, this Court received a typewritten Petition for Writ of Habeas Corpus (Docket No. 1) pursuant to 28 U.S.C. § 2241, seeking immediate release of petitioner Jimmy Saintil ("Saintil"), an alien detainee awaiting removal. Also included was a Motion for Expedited Disposition of Petition (Docket No. 2). Neither the § 2241 habeas petition nor the motion were signed by Saintil *pro se* or by any counsel; however, the $5.00 filing fee was paid. Saintil names as respondents Attorney General Eric B. Holder, Suffolk County Sheriff Steven W. Tompkins, and Ken Sherman (title unidentified).

It is unclear who filed this petition. Although the envelope containing the petition has a handwritten return address for Saintil at the Suffolk County South Bay (House of Correction), in Boston, Massachusetts, the envelope also contains a mailing label from the firm Butler, Norris, and Gold, located in Hartford, Connecticut. It is also unclear where Saintil is physically located. The petition itself indicates that Saintil is in the physical custody of the Immigration and Customs Enforcement at the Etowah County Detention Center in Gadsden, Alabama; however, it also alleges that respondent Steven W. Tompkins is the officer in charge of the Suffolk County

Detention Center, and as such, is Saintil's immediate custodian. An internet search for location of inmates reveals that Saintil is in the custody of the Etowah County Sheriff's Office. See www.vinelink.com.

With respect to the merits, the petition alleges that Saintil has been in immigration custody more than six months after an order for removal issued. He also has alleged that his removal to Haiti is not reasonably foreseeable and his continued detention is in violation of his right to due process, as articulated by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).

## DISCUSSION

I.   Final Order of Removal Questioned

A search of the public court records indicates that on April 16, 2015, the United States Court of Appeals for the Second Circuit ("Second Circuit") issued an Order stating that on October 16, 2012, an opinion issued setting out a procedure for all immigration cases pending in the Second Circuit to enable a petitioner and the Government to determine whether remand to the Board of Immigration Appeals ("BIA") was appropriate. Further, the Second Circuit ordered that the proceedings in Stailin's case are tolled for a period of 90 days so that he and the Government may determine whether remand is warranted. During the 90-day period, Stailin was permitted to move to dismiss his petition and remand the case to the BIA. After that period, if neither party requested to resume the appellate process, the deadlines previously set would resume running. See Order (Docket No. 45-1); Saintil v. Holder, No. 14-3542 (2d Cir. 2014).

In light of the pending appeal in the Second Circuit, this Court questions whether there is a final order of removal to be challenged through a § 2241 petition and/or whether Stailin can

seek relief in the Second Circuit in connection with his appeal. These issues need not be resolved at this time, because there are other bases for dismissal of this petition, as discussed below.

II.     Failure to Identify The Proper Respondent

An immigration detainee contesting the legality of his detention normally must name his immediate custodian, "the individual having day to day control over the facility in which he is being detained" as the respondent to the petition. See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004); Vasquez v. Reno, 233 F.3d 688, 694 (1st Cir. 2000) (a petitioner's legal custodian is the individual having day-to-day control over the facility in which petitioner is being detained), cert. denied, *sub nom*. Vasquez v. Ashcroft, 534 U.S. 816 (2001).

Here, in view of the uncertainty of Saintil's whereabouts (given that the petition alleges he is in the custody of both Alabama and Massachusetts), it is unclear who should be named as the proper respondent for service and jurisdictional purposes. The petition does not name the Sheriff of the Etowah County's Sheriff's Office (Todd Entrekin) or any other person having the day-to-day control over Saintil in Alabama.

Absent identification of the proper custodian, this action cannot proceed in this Court at this time.

III.    Failure to Sign the Petition and Motion to Expedite the Petition

As noted above, neither the petition nor the Motion to Expedite the Petition has been signed. Under Rule 2 of the Rules Governing Section 2254 Cases in the United States District Court (applicable to § 2241 petitions pursuant to Rule 1(b)), a habeas petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner

3

under 28 U.S.C. § 2242.  See Rule 2 of Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Court.

In view of the failure to identify the proper respondent and the failure to sign the petition, the petition shall be <u>DENIED</u> and this action shall be <u>DISMISSED</u> without prejudice *sua sponte*. Further, in view of the dismissal, the Motion for Expedited Disposition of Petition (Docket No. 2) is <u>DENIED</u>.

Finally, because of the uncertainty of Stailin's location, the clerk shall send a copy of this Memorandum and Order to Stailin at both the Suffolk County South Bay House of Correction and to the Etowah County Detention Center in Gadsden, Alabama.

## <u>CONCLUSION</u>

Based on the foregoing, this Court hereby orders that:

1. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is <u>DENIED</u> and this action is <u>DISMISSED</u> without prejudice;

2. The Motion for Expedited Disposition of Petition (Docket No. 2) is <u>DENIED</u>; and

3. The clerk shall send a copy of this Memorandum and Order to petitioner at the following addresses: (1) Suffolk County South Bay House of Corrections, 20 Bradston Street, Boston, MA 02118; and (2) Etowah County Detention Center, 827 Forrest Avenue, Gadsden, Alabama 35901.

SO ORDERED.

    /s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

DATED: April 30, 2015